DAVID LOPEZ, ESQ. (DL-6779)
Attorney For Plaintiff
171 Edge Of Woods Road
P.O. Box 323
Southampton, New York 11969-0323
Tel: (631) 287-5520
Fax: (631) 283-4735

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

DEBORAH DONOGHUE,

  **Plaintiff,**

  - against -                                     COMPLAINT

GULFMARK OFFSHORE, INC. and                      07 CV 111
MARSHALL A. CROWE,                               Judge Berman

  **Defendants.**
_____/

  **DEBORAH DONOGHUE,** by David Lopez, Esq., her attorney,
complaining of the defendants, respectfully alleges the
following upon information and belief, except as to
paragraph 2, which plaintiff alleges on personal knowledge:

**JURISDICTION:**

  1.   This action arises under the provisions of Section
16(b) of the Securities Exchange Act of 1934, as amended
(the "Act"), 15 U.S.C. Section 78p(b), and jurisdiction is
conferred upon this court by Section 27 of the Act, 15
U.S.C. Section 78aa.

**THE PARTIES:**

2.   Plaintiff is a security owner of GULFMARK OFFSHORE, INC., a Delaware corporation with principal offices at 10111 Richmond Avenue, Suite 340, Houston, Texas 77042.  At all times relevant hereto the common stock of GULFMARK OFFSHORE, INC. was and is registered under Section 12(g) of the Act and is traded on the NASDAQ National Market System, which is located in the district, through market makers located in the district.  This action is brought in the right and for the benefit of GULFMARK OFFSHORE, INC. which is named as a party defendant solely in order to have all necessary parties before the court.

3.   At all times relevant MARSHALL A. CROWE was a director of GULFMARK OFFSHORE, INC.  He resides or may be found at 4421 Old Kingston Road, Portland, Ontario, Canada KOG 1VO.

4.   MARSHALL A. CROWE is a domiciliary of Canada and is a non-resident alien.  Venue as to him is correct in any district of the United States.

**STATUTORY REQUISITES:**

5.   The violations to be described herein involve non-

exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of Section 16(b) of the Act.

6.   Demand for prosecution was made on GULFMARK OFFSHORE, INC. on June 5, 2006.   By letter dated June 8, 2006, GULFMARK OFFSHORE, INC., through its counsel, Garney Griggs, Esq., stated that the putative purchase transaction was exempt from application of the statute. Attempts to discuss the matter further have been ignored. More than 60 days have passed since the initial demand.   Further delay in the filing of suit would be a futile gesture.

7.   Some or all of the transactions to be described herein were effected in whole or in part within the Southern District of New York on the NASDAQ National Market System by market makers located within the district.   MARSHALL A. CROWE is a non-resident alien as to whom venue is correct in the Southern District of New York.

8.    This action is brought within two years of the occurrence of the violations to be described herein or within two years of the time when reports required by 15 U.S.C.  78p(a)  setting  forth  the  substance  of  the

transactions here complained of were first filed with the Securities & Exchange Commission.

**FIRST CLAIM FOR RELIEF:**

9.    MARSHALL A. CROWE, while a director of GULFMARK OFFSHORE, INC., purchased 400 shares of GULFMARK OFFSHORE, INC. common stock on June 2, 2006.

10.    MARSHALL A. CROWE, while a director of GULFMARK OFFSHORE, INC., sold 5,000 shares of the common stock of GULFMARK OFFSHORE, INC. within 6 months on March 31, 2006.

11. The sales aforesaid were at prices higher than the purchases aforesaid.

12.    By reason of the foregoing purchase and sale or sale and purchase within a period of less than six months while he was a director of GULFMARK OFFSHORE, INC., MARSHALL A. CROWE realized profits, the exact amounts being unknown to plaintiff.    Such profits are recoverable on behalf of GULFMARK OFFSHORE, INC. by the plaintiff as a shareholder of GULFMARK OFFSHORE, INC., the latter having failed and refused to act in its own right and for its own benefit.

**SECOND CLAIM FOR RELIEF**:

13.    MARSHALL A. CROWE, acting during periods not barred by the statute of limitations measured from the date of the filing of this complaint, purchased and sold or sold and purchased equity securities or share equivalents of GULFMARK OFFSHORE, INC. within periods of less than six months of each other while a director of GULFMARK OFFSHORE, INC.

14.    By reason of his purchases and sales or sales and purchases of its equity securities or equity security equivalents within periods of less than six months of one another while an insider of GULFMARK OFFSHORE, INC., MARSHALL A. CROWE realized profits, the exact amounts thereof being unknown to plaintiff, which profits inure to the benefit, and are recoverable by plaintiff on behalf, of GULFMARK OFFSHORE, INC.

WHEREFORE, plaintiff demands judgment:

a)    Requiring MARSHALL A. CROWE to account for and to pay over to GULFMARK OFFSHORE, INC. the short-swing profits realized and retained by him in violation of Section 16(b) of the Act, together with appropriate interest and the

costs of this suit.


 b)    Awarding  to  plaintiff  her  costs  and  disbursements,

including reasonable attorney's and accountant's fees; and


 c)    Granting to plaintiff such other and further relief as

the court may deem just and proper.


Dated:   Southampton, New York
         January 4, 2006

                                   Yours, etc.


                                   _____
                                   David Lopez, Esq. (DL-6779)